| | |
|---|---|
| 1 | BUCHALTER |
| | A Professional Corporation |
| 2 | GABRIEL G. GREEN (SBN: 222445) |
| | ARTIN BETPERA (SBN:  244477) |
| 3 | ELAINE Y. CHENG (SBN:  359685) |
| | 1000 Wilshire Boulevard, Suite 1500 |
| 4 | Los Angeles, CA  90017-1730 |
| | Telephone: 213.891.0700 |
| 5 | Fax: 213.896.0400 |
| | Email:  ggreen@buchalter.com |
| 6 |          abetpera@buchalter.com |
| |          echeng@buchalter.com |
| 7 | |
| | Attorneys for Defendants |
| 8 | WIDE MERCHANT INVESTMENT, INC., |
| | WIDE MERCHANT HOLDINGS, INC. |
| 9 | BLUE COAST SERVICE, INC. |
| | DAVID BOEM JOON KIM |
| 10 | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| BRANDON CALLIER, an individual, | | Case No. 2:24-CV-10131-MEF-JC |
| Plaintiff, | | **REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | | |
| WIDE MERCHANT INVESTMENT, INC., a dissolved California corporation, WIDE MERCHANT HOLDINGS, INC., a Nevada corporation, BLUE COAST SERVICE, INC., a Nevada corporation, and DAVID BOEM JOON KIM, an individual, | | Date:      May 29, 2025<br>Time:      10:00 A.M.<br>Judge:    Hon. Maame Ewusi-Mensah<br>              Frimpong |
| Defendants. | | |

Defendants Wide Merchant Investment, Inc., Wide Merchant Holdings, Inc., Blue Coast Service, Inc., and David Boem Joon Kim (collectively, "Defendants") respectfully submit the following reply memorandum in support of their Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion"). Defendants filed their Motion and supporting papers on April 14, 2025, setting a hearing on the Motion for May 29, 2025. (ECF Dkt. #24 & #25.) Under Local Rule 7-9, if Plaintiff intended to oppose Defendants' Motion, Plaintiff's opposition would have been due on April 8, 2025 (i.e., twenty-one (21) days before the May 29, 2025 hearing date).

Plaintiff, however, did not file any opposition to Defendants' Motion. Under Local Rule 7-12, Plaintiff's failure to file any opposition may be deemed as Plaintiff's consent to the granting of the Motion.

As set forth in the Motion, Plaintiff's First Amended Complaint should be dismissed for the following reasons:

(1) All of Plaintiff's claims fail as a matter of law because Plaintiff is precluded from reasserting an agency relationship between Synergy Financial and Wide Merchant Investment.

(2) Plaintiff's Vicarious Liability cause of action fails to state facts sufficient to assert this claim. Specifically, it fails to allege sufficient facts showing Defendants authorized or controlled Synergy's telemarketing conduct.

(3) Plaintiff's Successor Liability cause of action fails to state facts sufficient to assert this claim. Specifically, it fails to demonstrate any of the four limited exceptions to the general rule against corporate successor liability.

(4) Plaintiff's Texas statutory claims fail as a matter of law as it conflicts with California's policy choice to prohibit private enforcement of analogous telemarking laws.

By failing to file any opposition to the Motion, Plaintiff consents to the requests made in the Motion. Accordingly, Defendants respectfully request that Plaintiff's First Amended Compliant be dismissed without leave to amend.

DATED: May 15, 2025

BUCHALTER
A Professional Corporation

By: *[signature]*
GABRIEL G. GREEN
ARTIN BETPERA
ELAINE Y. CHENG

Attorneys for Defendants
WIDE MERCHANT INVESTMENT, INC.
WIDE MERCHANT HOLDINGS, INC.
BLUE COAST SERVICE, INC.
DAVID BOEM JOON KIM

**Certification of Compliance**

The undersigned, counsel of record for Defendants Wide Merchant Investment, Inc., Wide Merchant Holdings, Inc., Blue Coast Service, Inc., and David Boem Joon Kim certifies that this brief contains 298 words, which complies with the word limit of L.R. 11-6.1.

DATED:  May 15, 2025

BUCHALTER
A Professional Corporation

By: _____
GABRIEL G. GREEN
ARTIN BETPERA
ELAINE Y. CHENG

Attorneys for Defendants
WIDE MERCHANT INVESTMENT, INC.
WIDE MERCHANT HOLDINGS, INC.
BLUE COAST SERVICE, INC.
DAVID BOEM JOON KIM