UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

# CIVIL MINUTES – GENERAL

Case No.   2:24-cv-10131-MEMF-JC                                           Date: May 14, 2025

Title   *Brandon Callier v. Wide Merchant Investment Inc. et al*

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: Order GRANTING Motion to Dismiss and DISMISSING WITHOUT PREJUDICE the Action [ECF No. 24] [JS-6]**

Before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendants Wide Merchant Investment Inc., Wide Merchant Investment Holdings, Inc., Blue Coast Service, Inc., and David Boem Joon Kim (collectively, "Defendants"). ECF No. 24 ("Motion" or "Mot."). The Court deems this matter appropriate for resolution without oral argument and vacates the hearing set for May 29, 2025. *See* C.D. Cal. L.R. 7-15.

For the reasons stated below, the Court GRANTS the Motion and DISMISSES WITHOUT PREJUDICE the action.

**Background**

On November 21, 2024, Plaintiff Brandon Callier ("Callier") filed suit against Wide Merchant Investment Inc., Blue Coast Service, Inc., and David Boem Joon Kim. ECF No. 1.

On January 14, 2025, the Court issued an order to the parties, referring them to the Court's Civil Standing Order found on the Court's website and under the Court's Procedures and Schedules. ECF No. 13. The Court ordered the parties that "[i]t is the responsibilities of the parties to maintain [familiarity] with the Standing Order and any future amendments that the Court may issue by periodically checking the Court's website for the operative version of the Standing Order." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-10131-MEMF-JC                                      Date: May 14, 2025

Title   <u>Brandon Callier v. Wide Merchant Investment Inc. et al</u>


The same day, on January 14, 2025, the Court issued "Resources for Pro Se Litigants," ordering Callier that "[e]ven though Plaintiff does not have an attorney, [he] sill [has] to follow all of Judge Frimpong's orders, all of Judge Frimpong's 'Standing Orders,' the Local Rules, and the Federal Rules of Civil Procedure." ECF No. 14.

On March 16, 2025, Callier filed the operative First Amended Complaint, adding Wide Merchant Investment Holdings, Inc. as a defendant. ECF No. 15. Against Defendants, Callier alleges (1) Violation of 47 U.S.C. § 227, the Telephone Consumer Protection Act ("TCPA"); (2) Violation of the TCPA "Sales Call/DNC" Prohibition, 47 C.F.R. § 64.1200(c); (3) Telemarking Without Mandated Safeguards, 47 C.F.R. § 64.1200(d); (4) Violation of the Texas Business and Commerce Code 305.053; and (5) Violation of the Texas Business and Commerce Code 302.101. *See generally id.* Against Defendant Wide Merchant Investment Holdings, Inc., Callier alleges (6) Successor Liability. *See generally id.*

On April 15, 2025, Defendants filed the Motion. Mot. Defendants also filed a Request for Judicial Notice. ECF No. 25 ("RJN"). Callier did not file an opposition or a notice of non-opposition as of May 14, 2025.

**Applicable Law**

Under Federal Rule of Civil Procedure ("Rule") 16(f)(1)(c), a court, on motion or on its own motion:

> may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order.

Under Local Rule 7-12, "[a] Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:24-cv-10131-MEMF-JC                                               Date: May 14, 2025

Title   *Brandon Callier v. Wide Merchant Investment Inc. et al*

The Court's Civil Standing Order orders the parties that "all Motions must be filed in accordance with the following modified briefing schedule . . . . Opposition: Must be filed no later than fourteen (14) days after the filing of the initial Motion." Civil Standing Order § VIII.B. The Civil Standing Order also orders that "[p]arties who represent themselves in civil litigation (i.e., appear pro se), should be aware that the Court holds these parties to the same standards of conduct to which it holds attorneys." *Id.* § XVII.

**Discussion**

Callier has failed to comply with the Court's Orders. Per the Court's previous Orders, Callier was to comply with the Court's Civil Standing Order. *See* ECF Nos. 13, 14. Per the Court's Civil Standing Order, Callier's opposition or notice of non-opposition was due by April 29, 2025, fourteen (14) days from the filing of the Motion. *See* Civil Standing Order § VIII.B. Callier, however, has not filed his opposition or a notice of non-opposition as of May 14, 2025, which marks twenty-ninth (29th) day since the filing of the Motion. As such, the Court finds that Callier has failed to comply with the Court's Orders. *See* ECF Nos. 13, 14.

Callier would have failed to comply with this District's Local Rules even if the Local Rule governing opposing papers were to apply. Local Rule 7-9 dictates that an opposition should be filed no later than twenty-one (21) days before the hearing date for the Motion. *See* L.R. 7-9. Twenty-one (21) days before May 29, 2025, the hearing date for the Motion, was May 8, 2025. But as of May 14, 2025, Callier has not filed his opposition. As such, the Court finds that Callier would have failed to comply with Local Rule 7-9 as well.

Because this Court may deem Callier's failure to file his opposition as his consent to the granting of the Motion, *see* L.R. 7-12, and Rule 16(f)(1)(c) permits this Court to issue any just order if a party fails to obey pretrial orders, the Court hereby GRANTS the Motion and DISMISSES WITHOUT PREJUDICE the action. Further, because the Court need not evaluate the RJN, the Court DENIES WITHOUT PREJUDICE the RJN.

**Conclusion**

Fore the reasons stated above, the Court ORDERS as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-10131-MEMF-JC                                         Date: May 14, 2025

Title   *Brandon Callier v. Wide Merchant Investment Inc. et al*

1. The Motion is GRANTED.
2. The RJN is DENIED WITHOUT PREJUDICE.
3. The case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | DBE |