**Brandon Callier**
Callier74@gmail.com
**Plaintiff in Pro Se**
**1490 A George Dieter Drive, #174**
**El Paso, TX 79936**
**(915) 383-4604**

FILED
CLERK, U.S. DISTRICT COURT
6/19/2025
CENTRAL DISTRICT OF CALIFORNIA
BY ____RYO____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BRANDON CALLIER | CASE No.: 2:24-cv-10131-MEF-JC |
| Plaintiff | |
| vs. | **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| WIDE MERCHANT INVESTMENT INC., a dissolved California Corporation, WIDE MERCHANT INVESTMENT HOLDINGS, INC., a Nevada Corporation, BLUE COAST SERVICE, INC. a Nevada Corporation, and DAVID BOEM JOON KIM, an Individual | Date: June 19, 2025
Time: 10:00 A.M.
Judge: Hon. Maame Ewusi-Mensah Frimpong

**Jury Trial Demanded** |
| Defendants | |

**TO THE CLERK OF THE COURT OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on June 19, 2025 at 10:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 8B, 8th Floor, located at 350 West First Street, Los Angeles, CA 90012, Plaintiff Brandon Callier will and hereby does bring a Motion for Leave to File Second Amended Complaint ("Motion").

Plaintiff hereby moves this Court for an Order granting him leave to file a Second Amended Complaint in this action pursuant to Fed. R. Civ. P. 15(a)(2) on the basis that:

(1) The proposed Second Amended Complaint ("SAC") lodged herein streamlines Plaintiff's claims significantly. The SAC does not seek damages under the Telephone Consumer Protect Act, 47 U.S.C. § 227 ("TCPA"), and instead only pleads two causes of action: claims for violations of the Texas Business and Commerce Code, § 302.101, and for successor liability.

(2) Leave to amend should be freely granted as justice so requires.

(3) This case is in its early stages, prior to any discovery or a Rule 16 conference.

Plaintiff also requests that the Court deny Defendants' pending Motion to Dismiss as moot, and direct Defendants to respond to Plaintiff's Second Amended Complaint within twenty-one (21) days after it has been filed.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities in Support of Motion, the pleadings and records on file herein, the proposed SAC submitted herein, and on such further argument and materials that the Court may consider.

**L.R. 7-3 CONFERRAL STATEMENT**

This motion is made following counsel's good-faith attempts to meet and confer with Defendants. On April 25, 2025, Plaintiff contacted the Defendants' counsel, Gabriel G. Green, Artin Betpera, and Elaine Y. Cheng, with the law firm Buchalter, A Professional Corporation, via e-mail. The e-mail to Defendants' counsel requested Defendants' consent for leave to file a Second Amended Complaint, and requested to meet and confer regarding this Motion. Also, on

April 25, 2025, the Plaintiff contacted Mr. Betpera via telephone to attempt to speak with him to ascertain Defendants' position as to this Motion. Counsel was not available to speak by phone. Plaintiff left a voicemail requesting a return call. Counsel for Defendants did not return Plaintiff's call or email. It appears that by avoiding communication with the Plaintiff entirely, the Defendants will not agree or otherwise consent to the relief requested in this Motion.

Plaintiff now files the instant Motion for Leave to File Second Amended Complaint.

Dated: June 19, 2025                                         Respectfully Submitted,

_____
**Brandon Callier**
**Plaintiff in Pro Se**
Callier74@gmail.com
1490 A George Dieter Drive, #174
El Paso, TX 79936
(915) 383-4604

## MEMORANDUM OF POINTS AND AUTHORITIES

### Procedural History

On November 20, 2024, Plaintiff filed a Complaint against Defendants, Wide Merchant Investment, Inc., a dissolved California corporation ("Wide Merchant"), Blue Coast Service, Inc., a Nevada corporation ("BCS"), and David Boem Joon Kim, an individual ("Mr. Kim"), seeking damages for violations of the TCPA, 47 U.S.C. § 227, and the Texas Business and Commerce Code, §302.101 for unwanted and illegal telemarketing calls to Plaintiff seeking to promote Defendants' products and funding services. Summons were issued on January 7, 2025. Then, Plaintiff discovered that a new successor entity to Wide Merchant Investment, Inc. had been formed on December 19, 2024, *after* Plaintiff had filed the original Complaint. This successor entity was Wide Merchant Investment Holdings, Inc., a Nevada corporation owned by the same individual, Mr. Kim. Wide Merchant Investment Holdings, Inc. is headquartered in Los Angeles at the same address as Wide Merchant Investment, Inc. Plaintiff thereafter filed an Amended Complaint on March 16, 2025, which named Wide Merchant Investment Holdings, Inc. as an additional Defendant and added a cause of action for successor liability against them. Defendants received service of process (Docs. 16-20) on March 25, 2025. On April 15, 2025, Defendants entered an appearance and filed a Motion to Dismiss pursuant to Fed R. Civ. P. 12(b)(6). Defendants' counsel did not attempt to meet and confer with the Plaintiff pursuant to Local Rule 7-3. Plaintiff now seeks leave of Court to file a Second Amended Complaint ("SAC" pursuant to Fed. R. Civ. P. 15(a)(2).

**A. Plaintiff's Proposed Second Amended Complaint will Streamline this Case and Reduce the Issues for the Court to Address**

Plaintiff's proposed SAC simplifies and streamlines this case significantly. It reduces the causes of action from six (6) counts to only two (2) counts. In Plaintiff's Amended Complaint, the current operative pleading, Plaintiff was seeking damages for violations of the TCPA, and the Texas Business and Commerce Code, §305.053. The first three (3) causes of action were for TCPA claims under 47 U.S.C. § 227 and its implementing regulations, 47 C.F.R. § 64.1200(C), and 47 C.F.R. § 64.1200(d). The fourth cause of action in Plaintiff's Amended Complaint was

for violations of the Texas Business and Commerce Code, § 305.053.Plaintiff's proposed SAC removes the first four (4) causes of action that were in the Plaintiff's Amended Complaint, leaving only two (2) counts Plaintiff is suing for:

**(1)** Violations of the Texas Business and Commerce Code § 302.101, and

**(2)** Successor Liability against Defendant Wide Merchant Investment Holdings, Inc.

Plaintiff believes that this SAC will streamline and simplify the proceedings because the Court and the parties will no longer need to litigate the TCPA claims or TBCC claims under §305.053. This will conserve judicial resources and make this case more efficient. Additionally, the SAC clarifies Plaintiff's theory of liability against Defendants under the Texas Business and Commerce Code, § 302.101.

Plaintiff has lodged a proposed SAC with this filing as an Exhibit and has filed a redlined copy in compliance with this Judge Frimpong's Civil Standing Order, Section IV, with a Word copy e-mailed to the Court's chambers email address at MEMF_Chambers@cacd.uscourts.gov.

**A.      Leave to Amend Should Be Freely Granted**

The Court should grant Plaintiff's Motion for Leave to File a Second Amended Complaint because Plaintiff (a pro se litigant) meets the requirements of Fed. R. Civ. P. 15(a)(2).

Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires". Fed. R. Civ. P. 15(a)(2). The district court has the discretion to decide whether to grant Plaintiff leave to amend. See Swanson v. U.S. Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996); Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir.1982), vacated on other grounds, 459 U.S. 810 (1982). Furthermore, the Court interprets the language for granting amendments under Rule 15 with "extreme liberality." Id. Leave to amend should be granted unless the district court "determines that the pleading could not possibly be cured by the allegation of other facts." Unified Data Servs., LLC v. FTC, 39 F.4th 1200, 1208 (9th Cir. 2022) (quoting Watison v. Carter, 668 F.3d 1108, 1117 (9th Cir. 2012)).

### B. Under the Ninth Circuit Standard Plaintiff Should Be Granted Leave to Amend.

When deciding whether to grant leave to amend, a court must consider: (1) whether the amendment was filed with undue delay; (2) whether the movant has requested the amendment in bad faith or as a dilatory tactic; (3) whether movant was allowed to make previous amendments which failed to correct deficiencies of the complaint; (4) whether the amendment will unduly prejudice the opposing party and; (5) whether the amendment is futile. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citing Foman v. Davis, 371 US 178, 182 (1962)). The five factors are not considered equally. Prejudice is the most important factor and is given the most weight. Eminence, 316 F.3d at 1052. Therefore, "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. See also Talwar v. Creative Labs, Inc., No. CV 05-3375, 2007 WL 1723609 (C.D. Cal. June 14, 2006) (finding the plaintiffs should be granted leave to amend because additional discovery would not unduly prejudice the defendant and the defendant did not make a strong enough showing of bad faith on the part of the plaintiffs or that the plaintiffs requested leave to amend as a dilatory tactic, despite the suspect timing of the filing).

The Ninth Circuit has also held that one of the five Foman factors alone is not sufficient to justify the denial of a request for leave to amend. The Ninth Circuit has found that undue delay alone "is insufficient to justify denying a motion to amend" and has "reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

In this case, Plaintiff obtaining leave to file a SAC would not unduly prejudice the Defendants, who only just recently entered an appearance on April 15, 2025 and filed a Motion to Dismiss. Plaintiff's amendment drops certain TCPA and TBCC § 305.053 claims and amends his claims under the Texas Business and Commerce Code § 302.101. Defendants are not prejudiced by the filing of the SAC and retain the right to file whichever responsive pleading they desire.

Plaintiff did not file this Motion for Leave to Amend with undue delay. This Motion is timely filed prior to Plaintiff's deadline to respond in opposition to Defendants' Motion to Dismiss (response date: May 7, 2025). Plaintiff does not request leave of Court to amend in bad faith, or for dilatory reasons. Rather, Plaintiff simply wishes to clean up and streamline his pleading and make it everything easier for the parties and the Court to proceed with this action. Plaintiff's amendment is meritorious and Plaintiff believes he states a valid claim upon which relief may be granted. Plaintiff stands ready to oppose any motion to dismiss filed by Defendants in response.

### C. Plaintiff Is a Pro Se Litigant and Should Be Granted Leave to Amend.

Courts give special consideration to pro se litigants requesting leave to amend a complaint. "Courts are particularly reluctant to deny leave to amend to pro se litigants." Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002). In particular, "[u]nless it is absolutely clear that no amendment can cure the defect … a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dept. of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

### D. Conclusion

The Court should grant Plaintiff's Motion for Leave to File a Second Amended Complaint. A Proposed Order is submitted herewith.

Dated: June 19, 2025,                              Respectfully Submitted,

_____
**Brandon Callier**
**Plaintiff in Pro Se**
Callier74@gmail.com
1490 A George Dieter Drive, #174
El Paso, TX 79936
(915) 383-4604