BUCHALTER
A Professional Corporation
GABRIEL G. GREEN (SBN: 222445)
ARTIN BETPERA (SBN: 244477)
ELAINE Y. CHENG (SBN: 359685)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: ggreen@buchalter.com
       abetpera@buchalter.com
       echeng@buchalter.com

Attorneys for Defendants
WIDE MERCHANT INVESTMENT, INC.,
WIDE MERCHANT HOLDINGS, INC.
BLUE COAST SERVICE, INC.
DAVID BOEM JOON KIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRANDON CALLIER, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WIDE MERCHANT INVESTMENT, INC., a dissolved California corporation, WIDE MERCHANT HOLDINGS, INC., a Nevada corporation, BLUE COAST SERVICE, INC., a Nevada corporation, and DAVID BOEM JOON KIM, an individual,<br><br>　　　　Defendants. | Case No. 2:24-CV-10131-MEF-JC<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Concurrently Filed with Request for Judicial Notice]<br><br>Date:　　August 14, 2025<br>Time:　　10:00 A.M.<br>Judge:　 Hon. Maame Ewusi-Mensah<br>　　　　　Frimpong |

Defendants Wide Merchant Investment, Inc., Wide Merchant Holdings, Inc., Blue Coast Service, Inc., and David Boem Joon Kim (collectively, "Defendants") respectfully submit the following reply memorandum in support of their motion to dismiss Plaintiff's First Amended Complaint (the "Motion").

**Plaintiff Did Not File Any Opposition To The Motion**

Despite having two separate opportunities to file an opposition to the Motion, Plaintiff failed to do so. While Plaintiff is in pro per, he certainly is not ignorant to the Federal Rules of

Civil Procedure. Indeed, Plaintiff is a vexatious litigant who uses the Telephone Consumer Protection Act ("TCPA") and related Texas statutes to harass and pursue companies to extort payouts. A search of Plaintiff's filings over the past three years reveals that Plaintiff has filed more than 150 lawsuits against various companies alleging similar claims under the TCPA and related Texas statutes. Request for Judicial Notice No. 1. Accordingly, and pursuant to the "Resources for Pro Se Litigants" that the Court issued on January 14, 2025 to Plaintiff [ECF No. 14], Plaintiff should not be excused from following the governing Federal Rules of Civil Procedure, this Court's Local Rules, and Judge Frimpong's Standing Orders.

On June 9, 2025, this Court issued an Order providing Plaintiff with additional time to June 19, 2025 to file any opposition to the Motion. Pursuant to this Court's Order, Defendants' counsel promptly served that June 9, 2025 Order on Plaintiff via email (as ordered) and filed a certificate of service with this Court. ECF No. 32. When serving that June 9, 2025 Order on Plaintiff, Defendants' counsel also specifically highlighted in transmittal email the continued deadlines that the Court set as well as the Court's request for Plaintiff to add his email address to the CM/ECF system for service purposes.[1] *See* ECF No. 32.

Plaintiff, however, failed to comply with the Court's June 9, 2025 and did not file any opposition to the Motion. Accordingly, under Local Rule 7-12, Plaintiff's failure to file any opposition may be deemed [to be] consent to the granting of the Motion.

### Plaintiff's Motion To File Second Amended Complaint Is Not An Opposition

On June 19, 2025, Plaintiff filed an improperly noticed motion to file a second amended complaint. ECF Nos. 33 & 34. Plaintiff's filing of that motion for leave does not constitute an appropriate response to a motion to dismiss. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721-22. (7th Cir. 2011). "Given that [Plaintiff] no longer re-tained [sic] the right to amend his complaint, *the* appropriate response to the motions to dismiss was to oppose the motions or risk abandoning the litigation." *Id*. at 722 (emphasis in original).

Plaintiff's motion for leave does not respond to any of the legal deficiencies with Plaintiff's operative First Amended Complaint that are addressed in Defendants' Motion. In fact,

---

[1] Plaintiff notably disregarded the Court's request that he add his email to the CM/ECF system.

Plaintiff acknowledges as such by indicating that "Plaintiff's proposed SAC removes the first four (4) causes of action that were in the Plaintiff's Amended Complaint, leaving only two (2) counts Plaintiff is suing for: (1) Violations of the Texas Business and Commerce Code § 302.101, and (2) Successor Liability against Defendant Wide Merchant Investment Holdings, Inc." ECF No. 33, pg. 4, lines 1-5. As Plaintiff's operating First Amended Complaint includes those same two counts, which are legally unsustainable as explained in the current Motion, Plaintiff's request to supersede his First Amended Complaint with a second amended complaint does not address nor correct the legal deficiencies with his case. And since Plaintiff has now made clear that any further amendments to his claims would be futile, Defendants respectfully submit that the current Motion should be granted without leave to amend.

**Conclusion**

Plaintiff has been given multiple opportunities to oppose Defendants' Motion but has failed to do so. Further, Plaintiff has failed to provide this Court with any basis as to why Defendants should be forced to expend any further legal fees to respond to the unmeritorious and vexatious complaints that Plaintiff continues to file. Defendants respectfully submit and request that their Motion be granted without leave to amend.

DATED: June 26, 2025

BUCHALTER
A Professional Corporation

By: _____
GABRIEL G. GREEN
ARTIN BETPERA
ELAINE Y. CHENG

Attorneys for Defendants
WIDE MERCHANT INVESTMENT, INC.
WIDE MERCHANT HOLDINGS, INC.
BLUE COAST SERVICE, INC.
DAVID BOEM JOON KIM

BN 90825828

**Certification of Compliance**

The undersigned, counsel of record for Defendants Wide Merchant Investment, Inc., Wide Merchant Holdings, Inc., Blue Coast Service, Inc., and David Boem Joon Kim certifies that this brief contains 675 words, which complies with the word limit of L.R. 11-6.1.

DATED:  June 26, 2025

BUCHALTER
A Professional Corporation

By: _____
GABRIEL G. GREEN
ARTIN BETPERA
ELAINE Y. CHENG

Attorneys for Defendants
WIDE MERCHANT INVESTMENT, INC.
WIDE MERCHANT HOLDINGS, INC.
BLUE COAST SERVICE, INC.
DAVID BOEM JOON KIM

# CERTIFICATE OF SERVICE

I, declare that I am an employee of Buchalter, a Professional Corporation, located at 1000 Wilshire Boulevard, Suite 1500, Los Angeles, CA 90017. I am over the age of eighteen years and not a party to this action or proceeding.

On **June 26, 2025**, I caused the following document(s): **REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** to be served on all other parties and/or their attorney(s) of record to this action by ☒ electronically serving ☐ faxing and/or ☒ placing a true copy thereof in a sealed envelope as follows::

Brandon Callier
1490 A George Dieter Drive
Unit 174
El Paso, TX 79936

☒ **BY MAIL**   I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter in Los Angeles, California on **June 26, 2025**. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on **June 26, 2025**, at Los Angeles, California.

| Deborah L. Brown | */s/ Deborah L. Brown* |
|---|---|
| | (Signature) |