BUCHALTER
A Professional Corporation
GABRIEL G. GREEN (SBN: 222445)
ARTIN BETPERA (SBN: 244477)
ELAINE Y. CHENG (SBN: 359685)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: ggreen@buchalter.com
abetpera@buchalter.com
echeng@buchalter.com

Attorneys for Defendants
WIDE MERCHANT INVESTMENT, INC.,
WIDE MERCHANT HOLDINGS, INC.
BLUE COAST SERVICE, INC.
DAVID BOEM JOON KIM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BRANDON CALLIER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WIDE MERCHANT INVESTMENT, INC., a dissolved California corporation, WIDE MERCHANT HOLDINGS, INC., a Nevada corporation, BLUE COAST SERVICE, INC., a Nevada corporation, and DAVID BOEM JOON KIM, an individual,<br><br>Defendants. | Case No. 2:24-CV-10131-MEF-JC<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>[Request for Judicial Notice in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint]<br><br>Date: August 14, 2025<br>Time: 10:00 A.M.<br>Judge: Hon. Maame Ewusi-Mensah Frimpong |

Defendants Wide Merchant Investment, Inc. ("WMI"), Wide Merchant Holdings, Inc. ("WMI Holdings"), Blue Coast Service, Inc. ("BCS"), and David Boem Joon Kim ("Kim") (collectively, "Defendants") oppose Plaintiff Brandon Callier's ("Plaintiff") Motion for Leave to File a Second Amended Complaint (the "Motion") and respectfully submit the following memorandum of points and authorities in support of their opposition.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Motion should be denied. This is Plaintiff's third attempt to plead his claims, and the amendment would be futile. The Second Amended Complaint ("SAC") does not cure the defects in Plaintiff's prior pleadings. In fact, as Plaintiff admits in his moving papers, Plaintiff's SAC only seeks remove causes of action; it does not add anything new as far as claims. As such, Plaintiff's proposed SAC still fails to state a claim under applicable law, and merely reasserts claims that have already been litigated in Texas.

Moreover, the proposed SAC maintains predominately the same facts Plaintiff has already alleged in his First Amended Complaint ("FAC"), reduced to two causes of action: (1) violations of a Texas statute and (2) successor liability, neither of which can be maintained against Defendants as a matter of law. Defendants addressed the deficiencies with these previously pled causes of action in Defendant's pending Motion to Dismiss the FAC which is fully briefed, and ripe for decision by the Court. As such, Plaintiff's request to amend his complaint a third time to remove some causes of action but maintain two of the previously pled causes of action serves little purpose at this point of the litigation besides wasting judicial resources. Indeed, the only purpose Plaintiff's amendment would serve under these circumstances is to unduly prejudice the Defendants by mooting their fully briefed motion to dismiss, increasing their costs of litigation, and causing litigation delay.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff filed his original complaint on November 21, 2024 and subsequently filed his FAC on March 16, 2025. (ECF Nos. 1 and 16.) Plaintiff alleged in the FAC that he received unlawful telephone solicitations from Synergy Financial, Inc. ("Synergy"), and theorized that the Defendants are vicariously liable for Synergy's alleged calls. Plaintiff, however, is collaterally estopped from pursuing vicarious liability claims against Defendants based on the conduct of Synergy, as the United States District Court for the Western District of Texas found that there were no facts that would a claim of vicarious liability against WMI and Kim for the conduct of Synergy. Request for Judicial Notice in Opposition of Plaintiff's Motion for Leave to File Second

Amended Complaint ("RJN"), Exhibit 1. As Plaintiff further alleges privity among WMI, WMI Holding, Blue Coast, and Kim, that prior Order collaterally estops Plaintiff from pursuing any vicarious liability claims against the Defendants based on the conduct of Synergy.

On April 25, 2025, Defendants filed a Motion to Dismiss the FAC ("Motion to Dismiss"), identifying fatal defects in Plaintiff's legal theories. (ECF No. 24.) Plaintiff did not file any opposition and Defendants filed a reply on May 15, 2025, noting that fact. (ECF No. 26.) The following day, on May 16, 2025, this Court granted Defendants' Motion to Dismiss based on Plaintiff's failure to file any opposition. (ECF No. 27.) Thereafter, the Parties entered into a stipulation that would allow Plaintiff a further opportunity to oppose Defendants' Motion to Dismiss the FAC, upon which the Court entered Orders granting Plaintiff additional time to file an opposition to the Motion to Dismiss. (ECF Nos. 28, 30, and 31.) Once again, Plaintiff failed to file any opposition to the Motion to Dismiss. On June 26, 2025, Defendants filed another reply along with a request for judicial notice. (ECF Nos. 35 and 36.) The Motion to Dismiss is now fully briefed, and ripe for adjudication.

Rather than address the issues raised in the Motion to Dismiss, Plaintiff now seeks leave to file a SAC. However, the SAC adds nothing new to the case. Instead, Plaintiff, a serial and vexatious pro per litigant, seeks to cause further disruption and waste of judicial resources in forcing Defendants to file the present opposition and yet another motion to dismiss should Plaintiff be permitted leave to file his proposed SAC. Plaintiff should not be given leave to file the SAC because doing so would be futile as the SAC is fatally deficient. Indeed, the crux of two remaining causes of action in the proposed SAC still relies on the theory that Defendants were somehow vicariously liable for Synergy's actions, an issue that has already been litigated in Texas courts. (ECF No. 24, pg. 20; RJN Exhibit 1.) There, the Texas court dismissed the case for lack of personal jurisdiction, and in doing so, necessarily resolved the question of whether Synergy acted as the Defendants' agent, holding that "Synergy's contacts cannot be imputed to WMI or Kim because Synergy was not acting as their agent." (*Callier v. Wide Merchant Investment, Inc.*, 671 F. Supp. 3d 736, 745 (W.D. Tex. 2023); RJN Exhibit 1.)

In short, this is Plaintiff's third attempt to plead the same underlying dispute. The

proposed SAC does not meaningfully narrow the case or change the landscape – it simply abandons some claims while leaving the others equally deficient. Allowing further amendment under these circumstances would be futile and prejudicial.

### III.    ARGUMENT

#### A.    Legal Standard

Federal Rule of Civil Procedure Rule 15(a)(2) provides that courts should freely grand leave to amend "when justice so requires." (Fed. R. Civ. Proc. 15(a)(2).) However, the district court have broad discretion to deny such leave. (*Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330.) Courts take into account give factors in assessing the propriety of a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." (*Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).) Leave to amend is properly denied if amendment would be futile. (*Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).)

#### B.    Plaintiff Still Fails to Plausibly Plead That Defendants Are Vicariously Liable for Synergy's Actions.

Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility. (*Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir.1996).) This includes if the amended complaint would also be subject to dismissal. (*Saul v. United States*, 928 F.2d 829, 843 (9th Cir.1991).) Here, Plaintiff's proposed SAC claims are still premised on the allegation that third party marketer Synergy Financial acted as the agent of Defendants and does not include new facts to cure the deficiencies present in his FAC.

In the FAC, Plaintiff attempted to impose liability on Defendants based on alleged calls made by Synergy, but failed to allege any facts to establish any agency relationship, control, direction, or ratification sufficient to support vicarious liability under applicable law. (ECF No. 24, pgs. 20-23.) Despite removing language relating to vicarious liability, the SAC offers nothing new: it still relies on vague and conclusory statements that the Defendants are somehow liable for the remaining two causes of action as the Defendants were responsible for calls made by others,

without a showing of how the Defendants controlled or ratified the conduct. (*See* ECF No. 39, SAC, generally.)

Because the SAC merely repackages the same legally insufficient theory as the FAC, the amendment if futile and should be denied.

### C. Plaintiff's Amendment to the Texas Business and Commerce Code § 302.101 Claim Does Not Cure Deficiencies and Therefore Fails.

Amendment is futile when a plaintiff's claims are based on threadbare allegations and legal conclusions, the plaintiff fails to rebut any of the defendant's arguments in a pending motion to dismiss, and there is an applicable defense to the claim plaintiff alleges. (*Smith v. Coupang, Inc.,* 772 F. Supp. 3d 1228, 1246 (W.D. Wash. 2025).) Plaintiff seeks to bolster his section 302.101 claim, but rather than alleging any additional facts to demonstrate Defendants' liability under the statute, Plaintiff simply reiterates the definitions of the Texas statute and concludes that Defendants are liable to him. (ECF No. 39, SAC pg. 33, ¶ 231.) Even with Plaintiff's proposed amendments, this cause of action still fails for the same reasons articulated in Defendant's motion to dismiss.

Although section 302.101 imposes a registration requirement, it is enforced by the Texas Attorney General, is penal in nature, and does not expressly create a private right of action for violations of § 302.101 itself. (Tex. Bus. & Com. Code Ann. § 302.302). The only section in this chapter regulating telephone solicitations expressly creating a private right of action is the cause of action that Plaintiff seeks to remove, section 305.053.

As articulated in Defendants' Motion to Dismiss, the California Supreme Court has indicated that the governmental interest test is "the appropriate general methodology for resolving choice-of-law questions" in California. (*Cassirer v. Thyssen-Bornemisza Collection Found.*, 69 F.4th 554, 560-561 (9th Cir. 2023).) Under this analysis, it can be determined that there is a conflict in the applicable law between Texas and California. The statutory language in Chapter 302, which regulates telephone solicitation, allows private consumers to enforce its telemarketing laws in Texas courts and allows the Texas Attorney General to enforce civil penalties. In sharp contrast, California law does not permit such private suits. California's analogous telemarking

statute, found in Business and Professions Code §§ 17590-17594 and Public Utilities Code §§ 2871-2876, provides for enforcement solely by public officials. This legislative choice reflects California's policy judgment that enforcement of telemarketing regulations should be left to state authorities.

Plaintiff's removal of section 305.053 and purported bolstering of his section 302.101 claim does nothing to cure the defects of this choice of law issue, rendering his motion for leave to amend futile. For these reasons, Plaintiff's proposed amendment is futile, and should be denied on this basis.

## IV.   CONCLUSION

Plaintiff's proposed amendments are futile and would result in undue prejudice to the Defendants. Each of the grounds warranting denial of leave to amend exist here. Accordingly, the Court should deny Plaintiff's motion.

DATED: July 8, 2025

BUCHALTER
A Professional Corporation

By: _____
GABRIEL G. GREEN
ARTIN BETPERA
ELAINE Y. CHENG

Attorneys for Defendants
WIDE MERCHANT INVESTMENT, INC.
WIDE MERCHANT HOLDINGS, INC.
BLUE COAST SERVICE, INC.
DAVID BOEM JOON KIM

### Certification of Compliance

The undersigned, counsel of record for Defendants Wide Merchant Investment, Inc., Wide Merchant Holdings, Inc., Blue Coast Service, Inc., and David Boem Joon Kim certifies that this brief contains 1647 words, which complies with the word limit of L.R. 11-6.1.

DATED: July 8, 2025

BUCHALTER
A Professional Corporation

By: _____
GABRIEL G. GREEN
ARTIN BETPERA
ELAINE Y. CHENG

Attorneys for Defendants
WIDE MERCHANT INVESTMENT, INC.
WIDE MERCHANT HOLDINGS, INC.
BLUE COAST SERVICE, INC.
DAVID BOEM JOON KIM